**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 13-38458 |
| | § | |
| ANDREW WINEBURGH | § | |
| | § | |
| | § | |
| Debtor | § | |

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 09/30/2013. The undersigned trustee was appointed on 09/30/2013.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                                           $70,000.00

    Funds were disbursed in the following amounts:

    | | |
    |---|---|
    | Payments made under an interim distribution | $0.00 |
    | Administrative expenses | $0.00 |
    | Bank service fees | $40.08 |
    | Other Payments to creditors | $0.00 |
    | Non-estate funds paid to 3rd Parties | $0.00 |
    | Exemptions paid to the debtor | $0.00 |
    | Other payments to the debtor | $0.00 |

    Leaving a balance on hand of[1]                                                  $69,959.92

    The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance on funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursements will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (5/1/2011)**

6. The deadline for filing non-governmental claims in this case was 05/28/2014 and the deadline for filing government claims was 05/28/2014. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $6,750.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $6,750.00, for a total compensation of $6,750.00[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $5.76, for total expenses of $5.76.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 11/17/2015              By:    /s/ David P. Leibowitz
                                     Trustee

**STATEMENT:** This Uniform form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

| Case No.: | 13-38458-CAD | Trustee Name: | David Leibowitz |
|---|---|---|---|
| Case Name: | WINEBURGH, ANDREW | Date Filed (f) or Converted (c): | 09/30/2013 (f) |
| For the Period Ending: | 11/17/2015 | §341(a) Meeting Date: | 11/26/2013 |
| | | Claims Bar Date: | 05/28/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA) / Gross Value of Remaining Assets** |
| **Ref. #** | | | | | |
| 1  3125 West Fullerton Unit #221 Chicago, IL 60647 | $350,000.00 | $0.00 | | $0.00 | FA |
| 2  Cash on hand | $100.00 | $0.00 | | $0.00 | FA |
| 3  Personal Checking Account: None | $0.00 | $0.00 | | $0.00 | FA |
| 4  1516 North State Parkway Condominium Association | $2,500.00 | $0.00 | | $0.00 | FA |
| 5  2 Beds, Sofa, TV, Kitchen Utensils | $400.00 | $0.00 | | $0.00 | FA |
| 6  Necessary Wearing Apparel | $300.00 | $0.00 | | $0.00 | FA |
| 7  Life Insurance; $250,000 (Whole Life - No Cash Value) New York Life, $175,000 (Term) GenWorth, $200,000 (Term) Transamerica, Beneficiaries: Daughter. | $0.00 | $0.00 | | $0.00 | FA |
| 8  No Retirement Interests | $0.00 | $0.00 | | $0.00 | FA |
| 9  Wineburgh Family, LLC is a silent limited partner AXIOM Wisconsin, AXIOM Iowa Andrew is Tax Matter Partner Income is $50,000 or less divided by four beneficiaries of which Andrew is one | $0.10 | $0.00 | | $0.00 | FA |
| 10  2012 Illinois Department of Revenue Refund | $14,599.00 | $13,599.10 | | $0.00 | FA |
| 11  2012 Indiana Department of Revenue Refund | $4,096.00 | $4,096.00 | | $0.00 | FA |
| **Asset Notes:** Not listed on the amended schedule B | | | | | |
| 12  2007 Mercedes C280 4matic; 100,000 miles | $9,980.00 | $1,448.00 | | $0.00 | FA |
| 13  1990 Chris Craft 32 Foot Goose Island Boatyard has lien on boat | $1.00 | $0.00 | | $0.00 | FA |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No.: | 13-38458-CAD | | Trustee Name: | David Leibowitz |
| Case Name: | WINEBURGH, ANDREW | | Date Filed (f) or Converted (c): | 09/30/2013 (f) |
| For the Period Ending: | 11/17/2015 | | §341(a) Meeting Date: | 11/26/2013 |
| | | | Claims Bar Date: | 05/28/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| 14  Personal Injury action filed by debtor through his attorney, Phillip J. Berez of Robert A. Lagendorf, P.C. Cook County Case No.: 12-L-6180 Caption; Wineburg v. Mrozek, Et. Al. Ad Damnum: Over $50,000 Related Uninsured Claim - arbitration pending. Policy Limits: $500,000 underinsured section Children involved in accident have potential  (u) | $100,000.00 | $85,000.00 | | $0.00 | FA |
| 15  Preference payment to Susan Pearson | $9,000.00 | $9,000.00 | | $0.00 | FA |
| **Asset Notes:** Susan Pearson  9624 North 200 East  La Porte, IN 46350  Sister | | | | | |
| 16  Preference payment to Amy Rosenblum | $5,000.00 | $5,000.00 | | $0.00 | FA |
| **Asset Notes:** Amy Rosenblum  35 East Wacker  Ninth Floor  Chicago, IL 60601  Sister | | | | | |
| 17  Other Potential Actions and Preference Actions including without limitation the Personal Injury Action, Debtor's life insurance policies, Debtor's interest in Wineburgh Family LLC, and all other property listed on Debtor's Amended Schedule B  (u) | $0.00 | $0.00 | | $70,000.00 | FA |

**TOTALS (Excluding unknown value)**      **Gross Value of Remaining Assets**

| | $495,976.10 | $118,143.10 | | $70,000.00 | $0.00 |

**Major Activities affecting case closing:**

| 08/18/2015 | TFR submitted to UST on 8/18/15 |
| 05/26/2015 | Order granting motion to employ Alan Lasko as Accountant |

Case 13-38458 Doc 70 Filed 11/18/15 Entered 11/18/15 09:09:21 Desc Main
Document Page 5 of 14

FORM 1

Page No: 3

Exhibit A

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

| Case No.: | 13-38458-CAD | Trustee Name: | David Leibowitz |
|---|---|---|---|
| Case Name: | WINEBURGH, ANDREW | Date Filed (f) or Converted (c): | 09/30/2013 (f) |
| For the Period Ending: | 11/17/2015 | §341(a) Meeting Date: | 11/26/2013 |
| | | Claims Bar Date: | 05/28/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA) / Gross Value of Remaining Assets** |

| | |
|---|---|
| 05/20/2014 | Received tip. The person wants to remain anonymous |
| | The company that Debtor works is DS Capital LLC and the Debtor makes substantially more than what he reported between somewhere between $150k-200k. DS Capital under his sisters name. He referred to this company as a Sham as the Debtor is actually the principal of this company yet it is under his sister name Rosenblum. Debtor takes all the income this company. |
| | In 2011 and 2012 there was a bank account opened at Chase Bank in his sister name Amy Rosenblum account number #9963510 Roughly in the 90k pass through this account from DS Capital earnings. |
| | He also have a safe deposit possibly with Chase in his sister name Amy Rosenblum. |
| 05/20/2014 | Received tip. The person wants to remain anonymous |
| | The company that Debtor works is DS Capital LLC and the Debtor makes substantially more than what he reported between somewhere between $150k-200k. DS Capital under his sisters name. He referred to this company as a Sham as the Debtor is actually the principal of this company yet it is under his sister name Rosenblum. Debtor takes all the income this company. |
| | In 2011 and 2012 there was a bank account opened at Chase Bank in his sister name Amy Rosenblum account number #9963510 Roughly in the 90k pass through this account from DS Capital earnings. |
| | He also have a safe deposit possibly with Chase in his sister name Amy Rosenblum. |
| 03/21/2014 | Prepared preference demand on Susan Pearson and Amy Rosenblum. Sent to Linda for review |
| 03/20/2014 | Deadline to object 3/28/14 |
| | Lakelaw employed and PI counsel employed |
| 01/23/2014 | Motion to Extend Filed. Continue to 2/26/14 for additional documents. |
| 01/09/2014 | Requested cancelled copies of check for the transfers listed in Schedules |
| 01/07/2014 | Motion to Employ Prepared |
| 12/18/2013 | Tax Intercept Completed |
| 12/12/2013 | Personal Injury claim 12 L 6180 |
| | Attorney Phillip J. Berez of Robert Lagendorf, P.C. |
| | Wineburg v. Mrozek |

| | | | |
|---|---|---|---|
| **Initial Projected Date Of Final Report (TFR):** | 10/01/2015 | /s/ DAVID LEIBOWITZ | |
| **Current Projected Date Of Final Report (TFR):** | 08/18/2015 | DAVID LEIBOWITZ | |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page No: 1
Exhibit B

| Case No. | 13-38458-CAD | Trustee Name: | David Leibowitz |
|---|---|---|---|
| Case Name: | WINEBURGH, ANDREW | Bank Name: | Green Bank |
| Primary Taxpayer ID #: | **-***6978 | Checking Acct #: | ******5801 |
| Co-Debtor Taxpayer ID #: | | Account Title: | |
| For Period Beginning: | 9/30/2013 | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 11/17/2015 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 07/21/2015 | (17) | Jeffrey Rubenstein | Negotiated Settlement Payment | 1249-000 | $70,000.00 | | $70,000.00 |
| 07/31/2015 | | Green Bank | Bank Service Fee | 2600-000 | | $40.08 | $69,959.92 |
| | | | **TOTALS:** | | $70,000.00 | $40.08 | $69,959.92 |
| | | | **Less: Bank transfers/CDs** | | $0.00 | $0.00 | |
| | | | **Subtotal** | | $70,000.00 | $40.08 | |
| | | | **Less: Payments to debtors** | | $0.00 | $0.00 | |
| | | | **Net** | | $70,000.00 | $40.08 | |

| For the period of 9/30/2013 to 11/17/2015 | | For the entire history of the account between 07/21/2015 to 11/17/2015 | |
|---|---|---|---|
| Total Compensable Receipts: | $70,000.00 | Total Compensable Receipts: | $70,000.00 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $70,000.00 | Total Comp/Non Comp Receipts: | $70,000.00 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $40.08 | Total Compensable Disbursements: | $40.08 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $40.08 | Total Comp/Non Comp Disbursements: | $40.08 |
| Total Internal/Transfer Disbursements: | $0.00 | Total Internal/Transfer Disbursements: | $0.00 |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page No: 2

Exhibit B

| Case No. | 13-38458-CAD | Trustee Name: | David Leibowitz |
|---|---|---|---|
| Case Name: | WINEBURGH, ANDREW | Bank Name: | Green Bank |
| Primary Taxpayer ID #: | **-***6978 | Checking Acct #: | ******5801 |
| Co-Debtor Taxpayer ID #: | | Account Title: | |
| For Period Beginning: | 9/30/2013 | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 11/17/2015 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|
| | $70,000.00 | $40.08 | $69,959.92 |

**For the period of 9/30/2013 to 11/17/2015**

| | |
|---|---|
| Total Compensable Receipts: | $70,000.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $70,000.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $40.08 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $40.08 |
| Total Internal/Transfer Disbursements: | $0.00 |

**For the entire history of the case between 09/30/2013 to 11/17/2015**

| | |
|---|---|
| Total Compensable Receipts: | $70,000.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $70,000.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $40.08 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $40.08 |
| Total Internal/Transfer Disbursements: | $0.00 |

/s/ DAVID LEIBOWITZ

DAVID LEIBOWITZ

**CLAIM ANALYSIS REPORT**

Page No: 1
Exhibit C

| Case No. | 13-38458-CAD | | | | | | | | Trustee Name: David Leibowitz |
| Case Name: | WINEBURGH, ANDREW | | | | | | | | Date: 11/17/2015 |
| Claims Bar Date: | 05/28/2014 | | | | | | | | |

| Claim No.: | Creditor Name | Claim Class | Claim Status | Uniform Tran Code | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|
| | LAKELAW<br><br>420 W. Clayton Street<br>Waukegan  60085-4216 | Attorney for Trustee Expenses (Trustee Firm) | Allowed | 3120-000 | $509.34 | $0.00 | $0.00 | $0.00 | $509.34 |
| | LAKELAW<br><br>420 W. Clayton Street<br>Waukegan  60085-4216 | Attorney for Trustee Fees (Trustee Firm) | Allowed | 3110-000 | $35,650.00 | $0.00 | $0.00 | $0.00 | $35,650.00 |
| | DAVID P. LEIBOWITZ<br><br>420 West Clayton St<br>Waukegan IL 60085 | Trustee Compensation | Allowed | 2100-000 | $6,750.00 | $0.00 | $0.00 | $0.00 | $6,750.00 |
| | DAVID P. LEIBOWITZ<br><br>420 West Clayton St<br>Waukegan IL 60085 | Trustee Expenses | Allowed | 2200-000 | $5.76 | $0.00 | $0.00 | $0.00 | $5.76 |
| | OFFICE OF THE CLERK UNITED STATES BANKRUPTCY COURT<br><br>219 S. Dearborn Street Suite 713<br>Chicago IL 60604 | Clerk of the Court Costs (includes adversary and other filing fees) | Allowed | 2700-000 | $700.00 | $0.00 | $0.00 | $0.00 | $700.00 |

**Claim Notes:**    Adversary case 1500197
                    Adversary case 1500200

| | ALAN D. LASKO & ALAN D. LASKO & ASSOCIATES, PC<br><br>29 S. LaSalle Street Suite 1240<br>Chicago IL 60603 | Special Accountant for Trustee Fees | Allowed | 3410-580 | $2,874.60 | $0.00 | $0.00 | $0.00 | $2,874.60 |
| 1 | CAVALRY SPV I, LLC<br><br>500 Summit Lake Drive, Ste 400<br>Valhalla NY 10595 | Payments to Unsecured Credit Card Holders | Allowed | 7100-900 | $3,336.51 | $0.00 | $0.00 | $0.00 | $3,336.51 |

**Claim Notes:**    (1-1) Cavalry SPV I, LLC as assignee of HSBC Bank Nevada, N.A. &#092; Orchard Bank

| Case No. | 13-38458-CAD | | | | | | | | Trustee Name: | David Leibowitz |
| Case Name: | WINEBURGH, ANDREW | | | | | | | | Date: | 11/17/2015 |
| Claims Bar Date: | 05/28/2014 | | | | | | | | | |

| Claim No.: | Creditor Name | Claim Class | Claim Status | Uniform Tran Code | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|
| 2 | CAVALRY SPV I, LLC<br><br>500 Summit Lake Drive, Ste 400<br>Valhalla NY 10595 | Payments to Unsecured Credit Card Holders | Allowed | 7100-900 | $3,868.32 | $0.00 | $0.00 | $0.00 | $3,868.32 |
| **Claim Notes:** | (2-1) Cavalry SPV I, LLC as assignee of GE Capital Corp./GECAF | | | | | | | | |
| 3 | DISCOVER BANK<br><br>DB Servicing Corporation<br>PO Box 3025<br>New Albany OH 43054-3025 | Payments to Unsecured Credit Card Holders | Allowed | 7100-900 | $8,057.72 | $0.00 | $0.00 | $0.00 | $8,057.72 |
| 4 | AMERICAN INFOSOURCE LP AS AGENT FOR<br><br>Midland Funding LLC<br>PO Box 268941<br>Oklahoma City OK 73126-8941 | Payments to Unsecured Credit Card Holders | Allowed | 7100-900 | $1,199.06 | $0.00 | $0.00 | $0.00 | $1,199.06 |
| 5 | SALLIE MAE INC. ON BEHALF OF<br><br>Department of Education<br>P.O. Box 740351<br>Atlanta 30374-0351 | General Unsecured § 726(a)(2) | Allowed | 7100-000 | $12,564.56 | $0.00 | $0.00 | $0.00 | $12,564.56 |
| 6 | PYOD, LLC ITS SUCCESSORS AND ASSIGNS AS ASSIGNEE<br>of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville SC 29602 | Payments to Unsecured Credit Card Holders | Allowed | 7100-900 | $13,307.43 | $0.00 | $0.00 | $0.00 | $13,307.43 |
| 7 | PORTFOLIO RECOVERY ASSOCIATES, LLC<br><br>successor to HSBC BANK NEVADA, N.A.<br>PO Box 41067<br>Norfolk VA 23541 | Payments to Unsecured Credit Card Holders | Allowed | 7100-900 | $3,784.07 | $0.00 | $0.00 | $0.00 | $3,784.07 |

# CLAIM ANALYSIS REPORT

Page No: 3
Exhibit C

| Case No. | 13-38458-CAD | | | | | | | | Trustee Name: David Leibowitz |
| Case Name: | WINEBURGH, ANDREW | | | | | | | | Date: 11/17/2015 |
| Claims Bar Date: | 05/28/2014 | | | | | | | | |

| Claim No.: | Creditor Name | Claim Class | Claim Status | Uniform Tran Code | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|
| 8 | ALLY FINANCIAL F/K/A GMAC<br><br>PO Box 130424<br>Roseville MN 55113-0004 | Tardy General Unsecured § 726(a)(3) | Allowed | 7200-000 | $4,055.00 | $0.00 | $0.00 | $0.00 | $4,055.00 |
| | | | | | $96,662.37 | $0.00 | $0.00 | $0.00 | $96,662.37 |

| Case No. | 13-38458-CAD | Trustee Name: David Leibowitz |
| Case Name: | WINEBURGH, ANDREW | Date: 11/17/2015 |
| Claims Bar Date: | 05/28/2014 | |

**CLAIM CLASS SUMMARY TOTALS**

| Claim Class | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|
| Attorney for Trustee Expenses (Trustee Firm) | $509.34 | $509.34 | $0.00 | $0.00 | $0.00 | $509.34 |
| Attorney for Trustee Fees (Trustee Firm) | $35,650.00 | $35,650.00 | $0.00 | $0.00 | $0.00 | $35,650.00 |
| Clerk of the Court Costs (includes adversary and other filing fees) | $700.00 | $700.00 | $0.00 | $0.00 | $0.00 | $700.00 |
| General Unsecured § 726(a)(2) | $12,564.56 | $12,564.56 | $0.00 | $0.00 | $0.00 | $12,564.56 |
| Payments to Unsecured Credit Card Holders | $33,553.11 | $33,553.11 | $0.00 | $0.00 | $0.00 | $33,553.11 |
| Special Accountant for Trustee Fees | $2,874.60 | $2,874.60 | $0.00 | $0.00 | $0.00 | $2,874.60 |
| Tardy General Unsecured § 726(a)(3) | $4,055.00 | $4,055.00 | $0.00 | $0.00 | $0.00 | $4,055.00 |
| Trustee Compensation | $6,750.00 | $6,750.00 | $0.00 | $0.00 | $0.00 | $6,750.00 |
| Trustee Expenses | $5.76 | $5.76 | $0.00 | $0.00 | $0.00 | $5.76 |

Exhibit D

**TRUSTEE'S PROPOSED DISTRIBUTION**

Case No.:       13-38458
Case Name:    ANDREW WINEBURGH
Trustee Name: David P. Leibowitz

|  | Balance on hand: | $69,959.92 |
|---|---:|---:|

Claims of secured creditors will be paid as follows: NONE

|  | Total to be paid to secured creditors: | $0.00 |
|---|---:|---:|
|  | Remaining balance: | $69,959.92 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| David P. Leibowitz, Trustee Fees | $6,750.00 | $0.00 | $6,750.00 |
| David P. Leibowitz, Trustee Expenses | $5.76 | $0.00 | $5.76 |
| Lakelaw, Attorney for Trustee Fees | $35,650.00 | $0.00 | $35,650.00 |
| Lakelaw, Attorney for Trustee Expenses | $509.34 | $0.00 | $509.34 |
| Alan D. Lasko & Alan D. Lasko & Associates, PC, Special Accountant for Trustee Fees | $2,874.60 | $0.00 | $2,874.60 |
| Office of the Clerk United States Bankruptcy Court, Clerk of the Court Costs | $700.00 | $0.00 | $700.00 |

|  | Total to be paid for chapter 7 administrative expenses: | $46,489.70 |
|---|---:|---:|
|  | Remaining balance: | $23,470.22 |

Applications for prior chapter fees and administrative expenses have been filed as follows: NONE

|  | Total to be paid to prior chapter administrative expenses: | $0.00 |
|---|---:|---:|
|  | Remaining balance: | $23,470.22 |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are: NONE

**UST Form 101-7-TFR (5/1/2011)**

|  | Total to be paid to priority claims: | $0.00 |
|---|---|---|
|  | Remaining balance: | $23,470.22 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $46,117.67 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 50.9 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 1 | Cavalry SPV I, LLC | $3,336.51 | $0.00 | $1,698.01 |
| 2 | Cavalry SPV I, LLC | $3,868.32 | $0.00 | $1,968.67 |
| 3 | Discover Bank | $8,057.72 | $0.00 | $4,100.74 |
| 4 | American InfoSource LP as agent for | $1,199.06 | $0.00 | $610.23 |
| 5 | Sallie Mae Inc. on behalf of | $12,564.56 | $0.00 | $6,394.36 |
| 6 | PYOD, LLC its successors and assigns as assignee | $13,307.43 | $0.00 | $6,772.42 |
| 7 | Portfolio Recovery Associates, LLC | $3,784.07 | $0.00 | $1,925.79 |

|  | Total to be paid to timely general unsecured claims: | $23,470.22 |
|---|---|---|
|  | Remaining balance: | $0.00 |

Tardily filed claims of general (unsecured) creditors totaling $4,055.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 8 | Ally Financial f/k/a GMAC | $4,055.00 | $0.00 | $0.00 |

|  | Total to be paid to tardily filed general unsecured claims: | $0.00 |
|---|---|---|
|  | Remaining balance: | $0.00 |

**UST Form 101-7-TFR (5/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

|  |  |
|---|---|
| Total to be paid for subordinated claims: | $0.00 |
| Remaining balance: | $0.00 |

**UST Form 101-7-TFR (5/1/2011)**